UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MEGHAN BURKE
2714 Meadowbrook Road
Waukesha, Wisconsin 53188

    Plaintiff,

v.

ADAPTIVE MICRO SYSTEMS, LLC
7840 North 86th Street
Milwaukee, Wisconsin 53224

    Defendant.

Case No.: 18-cv-522

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Meghan Burke, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

**PARTIES**

4. Plaintiff, Meghan Burke, is an adult female resident of the State of Wisconsin with a post office address of 2714 Meadowbrook Road, Waukesha, Wisconsin 53188.

5. Defendant, Adaptive Micro Systems, LLC, was, at all material times herein, a commercial entity with a principal address of 7840 North 86th Street, Milwaukee, Wisconsin 53224.

6. Defendant manufactures and sells Light-Emitting Diode (LED) signs and displays.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## **GENERAL ALLEGATIONS**

13. On or about January 11, 2016, Defendant hired Plaintiff into the position of Sales Representative.

14. Defendant hired Plaintiff with the anticipation that she would be an "outside" Sales Representative.

15. On or about February 1, 2018, Plaintiff's employment with Defendant ended.

16. During her employment with Defendant in the position of Sales Representative, Plaintiff reported directly to Tom Rucks, Sales Manager, and Ingermar d'Agrella, Director. Both Rucks and d'Agrella reported directly to Dennis Thums, President.

17. Plaintiff held the position of Sales Representative during the entirety of her employment with Defendant.

18. During Plaintiff's employment with Defendant in the position of Sales Representative, no employees of Defendant reported directly to her.

19. During her employment with Defendant in the position of Sales Representative, Plaintiff did not directly supervise or manage any employees of Defendant.

20. During her employment with Defendant in the position of Sales Representative, Plaintiff's primary job duty and responsibility was to make sales to existing and prospective customers in the theater and display industry.

21. During her employment with Defendant in the position of Sales Representative, Plaintiff's other job duties and responsibilities, in addition to making sales, included: making sales calls or sending sales-related emails; prospecting and generating leads to make new sales or find new customers; creating sales plans and budgets; creating and updating sales and marketing materials; and managing logistics related to customers.

22. During Plaintiff's employment with Defendant in the position of Sales Representative, the vast majority of her clients were considered regional or national accounts.

23. During the entirety of Plaintiff's employment with Defendant in the position of Sales Representative, Defendant compensated her on a salary basis, plus commissions.

24. During Plaintiff's employment with Defendant in the position of Sales Representative, her weekly salary was approximately $1,346.17.

25. During Plaintiff's employment with Defendant in the position of Sales Representative, Defendant required her to perform work at its physical office, located at 7840 North 86th Street, Milwaukee, Wisconsin 53224 (hereinafter simply Defendant's "Office").

26. During Plaintiff's employment with Defendant in the position of Sales Representative, she performed compensable work at the direction of Defendant.

27. On more than one occasion during Plaintiff's employment with Defendant in the position of Sales Representative, she requested clarification from Defendant regarding its requirement that she perform work at its Office: "I'm an outside sales employee, but I'm required to be in the office every day?" Defendant's response was always, "Yes."

28. On practically a daily basis during her employment with Defendant, Plaintiff performed the job duties and responsibilities of her Sales Representative position at Defendant's Office.

4

29. On days when Plaintiff did not perform the job duties and responsibilities of her Sales Representative position at Defendant's Office, she performed her job duties and responsibilities remotely from a fixed site, such as her home office.

30. On practically a daily basis during her employment with Defendant, Plaintiff made sales from Defendant's Office or another fixed site, such as her home office.

31. During Plaintiff's employment with Defendant in the position of Sales Representative, she frequently worked in excess of forty (40) hours per workweek.

32. During Plaintiff's employment with Defendant in the position of Sales Representative, Defendant's expectation and/or requirement of her was that she work at least forty (40) hours per workweek.

33. During Plaintiff's employment with Defendant in the position of Sales Representative, she frequently worked between eight (8) to twelve (12) hours per day.

34. During Plaintiff's employment with Defendant in the position of Sales Representative, Defendant had knowledge that she frequently worked between eight (8) to twelve (12) hours per day, including that she did not take a duty free meal, break, or rest period of at least thirty (30) consecutive minutes.

35. During Plaintiff's employment with Defendant in the position of Sales Representative, Defendant had knowledge that she frequently worked in excess of forty (40) hours per workweek.

36. During Plaintiff's employment with Defendant in the position of Sales Representative, she only performed her job duties and responsibilities outside of Defendant's Office or another fixed site, such as her home office, when she was travelling – either nationally, regionally, or across the State of Wisconsin – to see a customer or prospective customer.

5

37. During Plaintiff's employment with Defendant in the position of Sales Representative, if she was not travelling to see a customer or prospective customer, she was not performing her job duties and responsibilities outside of Defendant's Office or another fixed site, such as her home office.

38. During Plaintiff's employment with Defendant in the position of Sales Representative and in order to travel outside of Defendant's Office or her home office to visit a customer or prospective customer, Plaintiff first needed to obtain Defendant's permission, which was not often granted.

39. During Plaintiff's employment with Defendant in the position of Sales Representative, travelling outside of Defendant's Office or her home office to visit a customer or prospective customer was highly scrutinized by Defendant. For example, if Plaintiff and/or other "outside" sales employees were not physically performing work in Defendant's Office, Defendant wondered where she (or they) were and/or whether they were performing work at all. Upon returning to Defendant's office from travel, Plaintiff's and other "outside" sales employees' expenses were regularly questioned and scrutinized. These actions, among others, deterred Plaintiff and other "outside" sales employees from actually travelling outside of Defendant's Office (and Plaintiff's home office) to make sales.

40. During Plaintiff's employment with Defendant in the position of Sales Representative, she did not customarily or regularly travel outside of Defendant's Office or her home office to makes sales and/or to visit a customer or prospective customer.

41. During Plaintiff's employment with Defendant in the position of Sales Representative, her travel outside of Defendant's Office or her home office to makes sales and/or to visit a customer or prospective customer was infrequent, unpredictable, and not recurrent.

42. During Plaintiff's employment with Defendant in the position of Sales Representative from January 2016 to February 2018, there were numerous workweeks and months when she did not travel outside of Defendant's Office or her home office to makes sales and/or to visit a customer or prospective customer.

43. During Plaintiff's employment with Defendant in the position of Sales Representative from January 2016 to February 2018, there were numerous months when she travelled outside of Defendant's Office or her home office to makes sales and/or to visit a customer or prospective customer only one to two days per month.

44. In practice and during her employment with Defendant, the primary job duty of Plaintiff's Sales Representative position was making sales at Defendant's Office or her home office.

45. In practice and during her employment with Defendant, the primary job duty of Plaintiff's Sales Representative position was "inside" sales.

46. During Plaintiff's employment with Defendant in the position of Sales Representative, her job duties did not directly relate to Defendant's management or general business operations.

47. During Plaintiff's employment with Defendant in the position of Sales Representative, her job duties did not require her to perform specialized or technical work, did not require her to have special training, experience, or knowledge, and she did not perform special assignments and tasks.

48. During Plaintiff's employment with Defendant in the position of Sales Representative, Defendant suffered or permitted her to work without appropriately and lawfully compensating her for all hours worked in a workweek, including but not limited to, at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49. During Plaintiff's employment with Defendant in the position of Sales Representative, Defendant did not compensate her at an overtime rate of pay for each hour worked in excess of forty (40) hours in said workweeks.

50. During Plaintiff's employment with Defendant in the position of Sales Representative, her paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including those hours worked in excess of forty (40) hours in a workweek.

51. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek in accordance with the WWPCL.

52. Defendant knew or should have known that Plaintiff must be compensated with overtime pay at a rate of time and one half for each hour worked (and for all hours Defendant suffered or permitted her to work) in excess of forty (40) hours in a workweek in accordance with the FLSA and the WWPCL.

53. Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

54. Defendant owes Plaintiff earned and unpaid wages, including at an overtime rate of pay (at the correct overtime rate of pay, inclusive of Defendant's non-discretionary commission payments to Plaintiff), for work performed during her employment with it for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS

55. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

56. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

57. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

58. During her employment with Defendant, from January 2016 to February 2018, Plaintiff primarily performed non-exempt job duties in nearly each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

59. Defendant violated the FLSA by not compensating Plaintiff with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

60. Defendant intentionally violated 29 U.S.C. § 215(a) by failing to compensate Plaintiff with overtime pay at a rate of time and one half for each hour worked in excess of forty (40) hours in a workweek.

61. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to

Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

62. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

63. Plaintiff is entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

64. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

65. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

66. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

67. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

68. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

69. During Plaintiff's employment with Defendant, she performed compensable work each workweek for which she was not compensated.

70. During Plaintiff's employment with Defendant, she worked hours in excess of forty (40) per workweek for which she was not compensated time and one half.

71. During Plaintiff's employment with Defendant, the job duties of her position did not meet the "outside salespersons" exemption, as identified in WI DWD 274.04(2), or any other exemption under the WWPCL.

72. Defendant willfully violated the WWPCL by failing to compensate Plaintiff for all hours worked, including at a rate of time and one half for each hour of overtime worked.

73. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay at time and one half.

74. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

75. As set forth above, Plaintiff sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, reimbursement for any expense purchases and/or materials purchased in conjunction with performing her job duties, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. §

109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

76. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 3rd day of April, 2018

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        ***s/ Scott S. Luzi***
        James A. Walcheske, State Bar No. 1065635
        Scott S. Luzi, State Bar No. 1067405
        David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com